In the Matter of the Final Judicial Settlement of Account of Proceedings of MARIA L. PERRY, as Executrix, etc., of JOHN S. BARRY, Deceased.— Claimant appeals from a decree of the Surrogate's Court of Rensselaer county dismissing, at the close of her case, her claim for services rendered by her intestate to the decedent. She established a *prima facie* case by showing the performance and value of such services. Decree reversed and new trial granted, with costs to the claimant, payable out of the estate. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.

H. W. HOTEL CO., INC., Appellant, v. FIRST NATIONAL BANK OF WOODRIDGE, NEW YORK, Respondent.— Appeal from an order dismissing, under rule 107 of the Rules of Civil Practice, plaintiff's complaint. The action is for specific performance to convey real property. Under a supplemental agreement the payment of $900 was a condition precedent to the right to demand performance. The payment was not made. The order was proper. Order and judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

BEATRICE MACNAMARA, Respondent, v. CHARLES ROEMMELT, Appellant.— Appeal from judgment entered on the jury's verdict in favor of plaintiff and the order denying defendant's motion for a new trial. The action was for personal injuries resulting from an automobile accident. The appellant complains that the respondent had an excessive verdict as the result of prejudicial remarks of her attorney on summation. Judgment and order affirmed, with costs. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; Crapser, J., dissents and votes to reverse and to grant a new trial in the interests of justice.

EDWARD CLOONAN, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 22237.) — This is an appeal by claimant from a judgment of the Court of Claims dismissing his claim. Claimant was admitted as a patient to Middletown State Homeopathic Hospital on September 23, 1931. He was assigned to do odd jobs around the grounds of the hospital. On November 2, 1931, he was engaged, with other patients, sorting and tying laths into bundles. The work was under the supervision of an attendant named Wade. The laths were tied in bundles of a hundred or more sticks. On the day in question claimant informed Wade that he had used all the wire and cord supplied to him and that he required more. The court below found that while Wade was procuring more material for claimant the latter attempted to use an old and rusty wire window shade spring or coil. Claimant attempted to stretch it and the wire snapped into pieces. One part struck claimant in the right eye and caused complete loss of vision thereof. The court below also found that claimant failed to establish that his injuries were due to the negligence of the State, its officers, agents, servants or employees. The evidence sustains this finding. Judgment unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.